[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both parties to this action have filed post judgment motions to modify the present order of combined alimony and child support. The defendant Eileen White filed a motion dated September 21, 1994 in which she alleged that the plaintiff's income had increased substantially and her income had decreased substantially. In response to the defendant's motion, the plaintiff Stephen Lilienthal filed a motion dated October 3, 1994 seeking a modification of the combined alimony and child support order on the basis that two of the parties' four children have become emancipated since the date of the last modification and the plaintiff now has custody of one of the remaining minor children.
The court heard evidence on the parties' respective motions at an evidentiary hearing conducted on March 17, 1995.
The parties' marriage was dissolved on October 25, 1985. At that time the defendant was awarded custody of the parties' four minor children. The plaintiff was ordered to pay to the wife, as unallocated alimony and support, three hundred and seventy five ($375.00) dollars a week. In addition, he was ordered to pay, as supplemental alimony, a mortgage relating to the former marital residence. On March 12, 1990, the court modified its judgment to increase the unallocated alimony and support order to four hundred ($400.00) dollars a week.
The statute relevant to the court's consideration of the instant motions is Connecticut General Statute § 46b-86 which provides that a final order for alimony may be modified by the CT Page 2975 trial court "upon a showing of a substantial change in the circumstances of either party. "As in the instant case, when a party seeks a post judgment modification of an alimony and support order which has already been modified from the original judgment, the moving party must demonstrate that a substantial change in circumstances has arisen subsequent to the entry of the earlier modification. Borkowski v. Borkowski, 228 Conn. 729 (1994). In this case both parties have demonstrated a substantial change in circumstances. At the time of the March 12, 1990 modification all four children were minors. At this juncture, two of the children have become emancipated and one of the remaining two minor children, Brian, is now in the custody of his father. Additionally, one of the emancipated children, Jennifer, now twenty two years of age and employed at an annual salary of approximately twenty thousand ($20,000) a year, lives at home with the defendant and pays her two hundred ($200.00) dollars a month for room and board. Brian, who is fifteen years old, is a child with special needs. Pursuant to the parties' agreement, Brian moved from his mother's residence during 1994 to live with his father and step mother in Baltimore. He attends the Valley Academy in nearby Towson, Maryland which has an annual tuition cost of approximately thirteen thousand ($13,000) dollars. The plaintiff has expended, additional sums as well for Brian's needs.
In addition to changes relating to the parties' children there have been substantial economic changes. Although the defendant was unemployed when she filed her motion for modification she commenced employment with ITT in February of 1995 as a sales associate earning an annual salary of approximately twenty one thousand. ($21,000) dollars. Her financial affidavit at the time of the March 12, 1990 modification reflected gross weekly income of three hundred and seven dollars ($307.69) and sixty nine cents. While the defendant's increase in income has been modest, the plaintiff has enjoyed a significant rise in income from gross annual earnings in March of 1990 of approximately eighty four thousand ($84,000) dollars to present annual compensation, including salary and bonus, of approximately two hundred and fifty thousand ($250,000) dollars. Both parties show increases in their expenses. While the defendant no longer has the care of four minor children, periods of unemployment and modest earnings have taken their toll so that she now indicates liabilities of sixty five thousand ($65,000) dollars, a substantial rise since the last modification. She has not enjoyed a commensurate increase in her assets. The plaintiff's assets and liabilities have both increased. CT Page 2976
At the hearing on these motions the plaintiff claimed that the plaintiff is underemployed. The court is satisfied from the evidence that the defendant's employment has been and is appropriate in light of her education and training. While the defendant has a college education and has previously held a teaching certificate, her decision not to undergo the expense and time to earn a Connecticut teaching certificate is not unreasonable. The court believes that the defendant should be credited for her substantial efforts to maintain employment, particularly in light of her child care responsibilities over the years as well as her presently precarious health. At the hearing the defendant testified that she has recently had numerous hospital admissions, and that she is afflicted with recurrent migraine headaches for which she takes prescriptive medication as well as self-applied injections. Although the court is mindful that the defendant has a recent history of ailments, the court's decision herein is premised on the defendant's present full time employment.
The court's finding that there has been a substantial changes of circumstances does not dictate a modification of the existing order. Such a finding is, however, a necessary condition to the court's exercise of its equitable powers. In this case, all of the factors ably presented by the parties at the hearing on their respective motions lead the court to the determination that the present order should be neither increased nor decreased.
For the reasons stated herein, the motions are denied.
Bishop, J.